**E-Filed 12/4/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL K. RICH, et al., | Case Number C 06-3361 JF (HRL) |
| Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | [re: docket no. 26] |
| HEWLETT-PACKARD COMPANY, et al., | |
| Defendants. | |

Defendant Hewlett-Packard Company ("HP") moves to dismiss the First Amended Complaint ("FAC"). Plaintiff Carl K. Rich ("Rich") opposes the motion. For the reasons discussed below, the motion will be granted with leave to amend.

**I. BACKGROUND**

This case concerns allegations that HP gains improper profits by designing its printers and printer cartridges in such a way that its printers use ink from both the black ink cartridge and the more expensive color ink cartridge when printing black text and images. On May 22, 2006, Rich filed the original complaint in this action on behalf of himself and others similarly situated.

---

[1] This disposition is not designated for publication and may not be cited.

The original complaint asserted five claims for relief: (1) breach of contract; (2) breach of implied warranty; (3) unjust enrichment; (4) fraudulent concealment; and (5) violation of California Business & Professions Code §§ 17200 et seq.

Rich filed the operative FAC on September 29, 2006. The FAC asserts seven claims for relief: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty; (4) unjust enrichment; (5) fraudulent concealment; (6) breach of the covenant of good faith and fair dealing; and (7) violations of California Business & Professions Code §§ 17200 et seq. Rich brings this action on behalf of all individuals who purchased color inkjet printers and replacement cartridges between May 22, 2002 and the present. FAC ¶ 1.

Rich alleges the following facts in the FAC: HP manufactures and sells inkjet printers throughout the United States. FAC ¶ 11. HP has a very profitable printing and imaging business, with almost all of the profits generated by the sale of ink cartridges. FAC ¶ 3. HP recommends that consumers use only genuine HP inkjet cartridges with HP printers. FAC ¶ 11. Color inkjet printers use both color inkjet cartridges and black inkjet cartridges. FAC ¶ 13. HP sells black inkjet cartridges that are substantially less expensive than color cartridges. FAC ¶ 14. When printing black and white images and text, HP color inkjet printers are designed to use substantial amounts of color ink in addition to the significantly less expensive black ink. FAC ¶ 16. Consumers have no way of knowing from the printed page that color ink is used to produce black text and images. FAC ¶ 17. HP does not disclose that its color inkjet printers use color ink when printing black text and images anywhere in its promotional materials, packaging materials, reference materials, or warranty materials. FAC ¶ 17. HP states on its website that it wants "customers to have meaningful information on all the factors involved to help them make the best choices for their needs," FAC ¶ 20, but does not inform consumers that HP printers will consume a substantial amount of color ink in printing the number of pages that HP claims that its black ink cartridges will yield. FAC ¶ 21-23. As a result, printing costs are higher than consumers would expect from a printer that used exclusively black ink to print black text and images. FAC ¶ 24. HP does not provide consumers with the option to print black text and images by using only black ink. FAC ¶ 19. Rich purchased and owns an HP OfficeJet 6210

2

printer, which utilizes the HP 64 black inkjet cartridge and the HP 95 color inkjet cartridge. FAC ¶ 27. Rich has purchased numerous black and inkjet replacement cartridges since purchasing this printer. *Id.*

On October 20, 2006, HP moved to dismiss the FAC for failure to state a claim upon which relief can be granted ("Motion"). *See* Fed. R. Civ. P. 12(b)(6). Rich opposes the motion. The Court heard oral argument on December 1, 2006.

## II. LEGAL STANDARD

A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. The court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at 754-55. A court's review is limited to the face of the complaint, documents the complaint references, and matters of which the court may take judicial notice. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v.*

*Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (*per curiam*).

## III. DISCUSSION

**1.     Breach of Contract**

HP contends that the Court should dismiss the breach of contract claim because Rich's allegations do not state the specific terms of the alleged contract. Motion 1-2.

Rich alleges that HP offered its printers and cartridges for sale, and that he accepted this offer. FAC ¶ 38-39. Rich argues that a contract arose from this acceptance. Rich does not allege that HP breached a contractual obligation to sell him cartridges after he accepted that offer. Instead, Rich argues that HP breached the contract when its products did not satisfy HP's alleged warranty that they would be free of "defects in material and workmanship."[2] Opposition to Motion to Dismiss ("Opposition") 18. Rich argues that the term "workmanship" is ambiguous under Ninth Circuit authority and suggests that any ambiguity should be resolved against HP. Opposition 18. However, ambiguity in the term does not allow Rich to proceed on the basis of an unreasonable interpretation. In its one reported case involving the term "workmanship," the Ninth Circuit noted that one "definition supports a product interpretation, while the [other] definition supports a process interpretation." *Allstate Ins. Co. v. Smith*, 929 F.2d 447, 450 (9th Cir. 1991).[3] Neither definition supports the allegation that HP's alleged decision to use color and black inks to print black text constitutes a flaw in workmanship. When an HP printer and

---

[2] A corresponding allegation of the breach of this warranty does not appear in the first claim of the FAC, but does appear in the sixth claim. *See* FAC ¶ 71.
Rich alleges in the FAC that "HP has an obligation of good faith and fair dealing," pursuant to the contract between itself and Rich. FAC ¶ 40. Rich also alleges that "Those HP color inkjet printers which unnecessarily use color ink (in addition to black ink) when printing black text and graphics, deprive Plaintiff and the Class of the benefit of their bargain with HP and is also a breach of HP's obligation of good faith and fair dealing." FAC ¶ 41. Rich's arguments in opposition to this motion appear to move away from any theory based on an implied covenant of good faith and fair dealing. Such a theory would appear duplicative of Rich's sixth claim. This uncertainty as to the import of Rich's allegations provides grounds for dismissal of the claim. Rich should state this claim with greater clarity in an amended complaint.

[3] The Ninth Circuit found that there are at least two dictionary meanings to the term "workmanship": (1) something effected, made, or produced – WORK; and (2) the art or skill of a workman – CRAFTMANSHIP. *Id.*

cartridge work as HP allegedly intended, they reveal no flaw in the product or the process by which HP manufactured them. Accordingly, even if Rich may base a breach of contract claim on the alleged warranty, the alleged conduct would not amount to a breach of the warranty against defects in workmanship.[4]

Accordingly, the breach of contract claim will be dismissed with leave to amend.

**2.   Breach of Express Warranty**

HP next argues that the Court should dismiss Rich's claim for breach of express warranty for three reasons: (a) a breach of express warranty claim cannot be premised on an alleged omission; (b) Rich fails to specify the terms of the alleged express warranty; and (c) HP disclaimed the express warranties alleged by Rich.

   a.   Breach of Express Warranty Premised on an Alleged Omission

The California Commercial Code provides that an express warranty is created by:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Cal. Com. Code § 2313(1)(a)-(b).[5] HP argues that this section requires a positive act, rather than an omission, and points to supporting authority from courts applying the corresponding section of the UCC. Motion 7. Rich does not cite contrary authority, and apparently concedes that he may not base an express warranty claim on an omission. *See* Opposition 19-20. Instead, Rich argues that the breach of warranty claim is not based on a "tangential omission." *Id.* Accordingly, the adequacy of Rich's allegations turns upon his allegations of express warranties articulated by a positive act, not by an omission.

   b.   Failure to Specify Terms of the Alleged Express Warranty that has Been Breached

---

[4] The Court need not decide at this time whether the alleged warranty may form the basis of a different breach of contract claim.

[5] *See also* Cal. Com. Code § 2313(1)(c) ("Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.").

HP argues that Rich has failed to allege the specific terms of the express warranty that he alleges that HP has breached. Rich's response simply is, "[a]s demonstrated above, plaintiff has sufficiently alleged the terms of HP's express warranty and the breach of the express warranty." Opposition 19.

"In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142 (Cal. Ct. App. 1986). The FAC contains limited allegations regarding the terms of the express warranty. Rich alleges: "HP issued written warranties to Plaintiff and the Class wherein it warranted that its printer cartridges would be free of defects in materials and workmanship during the warranty period." FAC ¶ 44. "On its website, labels and marketing materials, HP represents that its printer cartridges would be free of defects in materials in workmanship for the duration of the warranty period. HP also represents that its black inkjet cartridges will produce black text and graphics." FAC ¶ 45. Rich argues in his papers that these allegations are sufficient to withstand a motion to dismiss and that it is not fatal to his claim that he "couched the breach" in terms of a concealment of HP's printer's use of substantial amounts of color ink when printing black text and graphics. Opposition 20. However, as discussed above in the breach of contract section, the intentional use of colored ink to produce black text and images is not equivalent to a defect in materials or workmanship. Accordingly, if Rich wishes to state a claim for breach of express warranty on the basis of the use of color ink to print black text and images, he must allege an express warranty that has more relevant terms than a simple promise that the products will be free from defects in material or workmanship.

Accordingly, because Rich has failed to allege the specific terms of the warranty that has been breached, this claim will be dismissed with leave to amend.

   c.  Disclaimer of Express Warranties

HP argues additionally that it disclaimed any express warranties and seeks to introduce a copy of an HP warranty. Rich argues that the existence of the disclaimer at the time of purchase is a factual matter that may not be addressed at the pleading stage. The Court need not decide

whether it may take judicial notice of the disclaimer because the claim may be dismissed on other grounds.

**3.    Breach of Implied Warranty**

HP next contends that Rich fails to state a claim for breach of implied warranty for three reasons: (a) Rich fails to allege unfitness for the products' ordinary purpose;[6] (b) Rich fails to allege privity with HP; and (c) HP specifically disclaimed the implied warranty alleged by Rich.

　　　　a.　　Fitness for Ordinary Purpose

HP argues that Rich has not alleged sufficiently that his printer and ink cartridges are unfit for their ordinary purpose. Merchantable goods "[a]re fit for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314(2)(c). Rich alleges that HP "made an implied warranty . . . that HP's color inkjet printers are fit for their intended purpose," FAC ¶ 52, and that "HP breached the warranties by undertaking the wrongful acts herein alleged." FAC ¶ 55. HP argues that Rich has not alleged any wrongful acts amounting to a failure to perform the products' intended purpose. HP notes correctly that Rich has not alleged that his printer: "(1) failed to produce color and black text and images; (2) rendered low quality or unusable text and images; or (3) malfunctioned and failed to print." Reply 8. In fact, the FAC requires HP and the Court to guess which of the "wrongful acts herein alleged" constitute a breach of the implied warranty of fitness for ordinary use. *See* FAC ¶ 55. Nor does Rich indicate in his opposition which wrongful acts constitute a breach of the implied warranty. This leaves HP to speculate that Rich perceives a breach of the implied warranty in HP's alleged design of its printers and cartridges to use a significant amount of colored ink in printing black text or images. *See* Reply 8. However, the Court may not engage in speculation and thus it will dismiss this claim for lack of sufficient particularity and specificity. The Court will grant leave to amend so that Rich may

---

[6] HP argues that the Court should dismiss the implied warranty claim because Rich failed to allege a particular purpose of the printer and printer cartridges as required under Cal. Com. Code § 2315. Motion 10-11. Rich responds that he rests his claim on allegations that the product was not fit for its ordinary purpose. Opposition 22. As HP argues in its reply ("Reply"), the viability of this claim therefore turns upon the sufficiency of Rich's allegations of the unfitness of the product for its ordinary purpose.

7

allege clearly which actions constitute the breach of the implied warranty that HP's products are "fit for the ordinary purposes for which such goods are used."[7]

      b.      Failure to Allege Privity With HP

HP argues alternatively that the Court should dismiss the implied warranty claim because Rich lacks privity with HP. Rich responds that he does not need to allege privity with HP because he relied on promotional materials, packaging information, driver software, reference materials, warranty materials, marketing and advertising, and HP's website. Opposition 23. HP replies that such an exception to the privity requirement applies to cases involving express warranty claims, not implied warranty claims. Reply 7. The Court need not decide whether Rich must allege privity with HP in his implied warranty claim because it dismisses the claim on other grounds.

      c.      HP's Disclaimer of the Implied Warranty Alleged by Rich

Finally, HP argues that the Court should dismiss the implied warranty claim because HP expressly disclaimed any implied warranties. Rich contends that the existence of the warranty at the time of purchase is a factual matter that may not be addressed at the pleading stage. The Court need not decide whether it may take judicial notice of the asserted disclaimer because it dismisses the claim on other grounds.

**4.  Unjust Enrichment**

HP argues that Rich may not bring an unjust enrichment claim while also alleging breach of contract. Rich contends that he may bring these two claims in the alternative. This argument implicates the holding of another court in this district. *See Gerlinger v. Amazon.com*, 311 F.Supp.2d 838 (N.D.Cal. 2004). That court wrote:

---

[7] The Court need not decide whether Rich's claim is barred because he may not bring a claim for breach of an implied warranty where the challenged "defect" was part of the product design intended by HP. *See* Reply 8. If correct, HP's argument would support a finding that amendment would be futile. However, the Court is not certain at this point that Rich cannot state a claim that an HP product did not do what it was supposed to do for as long as it was supposed to do so. *See American Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291, 1298-99 (Cal. Ct. App. 1995). Accordingly, the Court will grant Rich leave to amend this claim.

> It should be noted that plaintiff contends that he should nevertheless be permitted to plead unjust enrichment in the alternative. Such an alternative claim might be stated if in count eight plaintiff alleged that no express agreement existed between plaintiff and either defendant. Instead, plaintiff has pleaded the opposite and relies on that contract as the basis for standing in the case at bar. Even though Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a party to state multiple, even inconsistent claims, it does not alter a substantive right between the parties and accordingly does not allow a plaintiff invoking state law to an unjust enrichment claim while also alleging an express contract. As a result, plaintiff cannot assert his unjust enrichment claim in the alternative.
> Because plaintiff cannot allege in good faith, while maintaining his other claims, that no contract exists between himself and either Amazon or Borders, this court dismisses plaintiff's unjust enrichment claim without leave to amend.

*Id.* at 856 (citations omitted). The Court agrees with the holding in *Gerlinger* and will apply its analysis to the instant claim.[8]

Here, Rich states that "to the extent necessary, [he] pleads this cause of action in the alternative." FAC ¶ 57. If this alternative pleading amounts to a pleading that no contract existed between Rich and HP, the unjust enrichment action would not necessarily be barred by *Gerlinger*. *See* 311 F.Supp.2d at 856 ("Such an alternative claim *might be stated* if in count eight plaintiff alleged that no express agreement existed between plaintiff and either defendant.") (emphasis added). However, it is not clear from the current pleadings whether Rich can allege in good faith that no contract existed between himself and HP. The cryptic allegation that "to the extent necessary, [Rich] pleads this cause of action in the alternative," does not give the Court or HP notice of the theory on which Rich brings the unjust enrichment action or allow the Court to decide whether *Gerlinger* bars his claim. Accordingly, the Court will dismiss the unjust enrichment claim with leave to amend.

**5.      Fraudulent Concealment**

HP contends that Rich does not state his claim for fraudulent concealment with sufficient particularity under Federal Rule of Civil Procedure 9(b), and specifically, that Rich has failed to allege "any of the circumstances surrounding his purchase, such as when, where, and from whom

---

[8] This Court's unpublished order in the *HP Inkjet Printer Litigation*, 2006 WL 563048 (N.D.Cal. Mar. 7, 2006), is not to the contrary. There, the Court found that the plaintiff could proceed in the alternative because in the alternative claim, the plaintiff asserted expressly that a valid contract did not exist. *Id.* at *7.

1  he [purchased replacement cartridges] . . . ; or how and when HP should have conveyed the
2  allegedly concealed information." Reply 10.  Rich argues that he need not plead from whom,
3  when, and where he purchased replacement cartridges, Opposition 5, and that he has satisfied the
4  Rule 9(b) pleading requirements by identifying the circumstances of the fraud such that HP can
5  prepare a defense and frame its answer.

6        "To comply with Rule 9(b), allegations of fraud must be specific enough to give
7  defendants notice of the particular misconduct which is alleged to constitute the fraud charged so
8  that they can defend against the charge and not just deny that they have done anything wrong."
9  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (finding lack of sufficient
10 particularity where complaint "alleged that 'Lungren concealed the fraudulent submission of
11 false claims . . . to avoid repayment of funds to the United States' and that Lungren conspired
12 with the CDR and the OAG to 'defraud the United States by obtaining payment of fraudulent
13 claims.' These broad allegations included no particularized supporting detail."). "Averments of
14 fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct
15 charged." *Vees v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v.
16 Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).  However, it "is not fatal to [a] complaint that it does
17 not describe in detail a single specific transaction (i.e. shipment) in which [Defendant]
18 transgressed . . . , by customer, amount, and precise method. Comparable precedent does not
19 require [such] detail." *Cooper*, 137 F.3d at 627.[9]

20       The Court concludes that the FAC fails to allege fraud with sufficient particularity.
21 Unlike the complaint in *Cooper*, the FAC alleges no facts regarding the circumstances of Rich's
22 purchase of the ink cartridges or the printer.  The relevant section of the FAC does not allege
23 where, when, or for what amount the purchase was made.  *See* FAC ¶¶ 61-69.  Accordingly, the

---

[9] In *Cooper*, the Ninth Circuit found sufficient detail, writing: "In this case, the complaint identified who (eight of Merisel's customers), what (four types of improper revenue recognition), when (last two quarters of 1993 and first quarter of 1994), and where (reported in financial statements)." *Id.*

1  Court will dismiss the fraudulent concealment claim with leave to amend.[10]

## 6. Breach of the Covenant of Good Faith and Fair Dealing

HP argues that Rich's sixth claim stands or falls with his first claim.[11]  Rich does not respond to this argument in his opposition and instead defends his first and sixth claims in one combined section.  *See* Opposition 17-19.  Accordingly, the Court will dismiss Rich's sixth claim for the same reasons that it dismisses the first claim.  The Court will grant leave to amend.

## 7. Violation of California Business and Professions Code Section 17200

HP asserts that the claim for a violation of California's unfair competition law ("UCL"), Cal. Bus. Prof. Code § 17200, fails because: (a) Rich seeks relief not authorized by the statute; and (b) Rich fails to allege facts sufficient to establish violations of any of the substantive prongs of the UCL.

### a. Relief Authorized by the Statute

HP first argues that Rich's allegations establish that he is not entitled to any relief under

---

[10]  *Accord Snyder v. Ford Motor Co.*, 2006 WL 2472187 (N.D.Cal. Aug. 24, 2006) (slip copy) (dismissing the action after finding: "As to the 'who,' 'where,' 'when,' and 'how' requirements, plaintiffs' allegations are wholly deficient. Plaintiffs fail to plead any facts indicating the circumstances surrounding the acquisition of their respective vehicles. Plaintiffs do not allege, for example, from whom, where, and when they acquired such vehicles, nor do they allege how and when Ford should have conveyed to them the claimed concealed information.").

[11]  Rich must point to a contractual provision that forms the basis of his claim for breach of the implied covenant of good faith and fair dealing: "An implied covenant of good faith and fair dealing arises only from a contractual relationship, not a statutory one." *Isaacson v. California Ins. Guarantee Assn.*, 44 Cal.3d 775, 789 (1988).  "It is universally recognized that the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract. . . .  [U]nder traditional contract principles, the implied covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Carma Developers, Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (1992) (citations and internal quotation marks omitted); *see also Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (Cal. Ct. App. 2004) (citing 1 Witkin, Summary of Cal. Law (2003 supp.) Contracts, § 743, p. 449) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.").  Because Rich has not sufficiently alleged a breach of contract claim, he has not sufficiently alleged a claim for breach of the implied covenant of good faith and fair dealing.

the UCL. HP argues that Rich may recover only monies that he paid directly to HP and points out that Rich has made no allegations to this effect. Rich responds that the UCL allows recovery from HP in a situation where Rich paid money to a third party that, in turn, paid that money to HP. However, as HP notes in its Reply, Rich does not allege this chain of payment theory in the FAC.[12] Moreover, HP contends that even if Rich had alleged this theory in the FAC, California law prohibits recovery from any party other than those to whom the plaintiff directly gave funds. Although it concludes that such a chain of payment theory might support a UCL claim under certain circumstances, the Court cannot determine whether such circumstances exist in the absence of specific allegations by Rich. Accordingly, the UCL claim will be dismissed with leave to amend in order that Rich may attempt to allege an adequate chain of payment theory.

      b.      Sufficiency of Alleged Facts to Establish Violations of Any of the Three Substantive Prongs of the UCL[13]

HP contends that Rich fails to state a claim for fraudulent business acts or practices. HP argues that Rich provides only conclusory allegations of fraudulent practices and that he does not satisfy the requirement that he actually have relied upon false or misleading advertisements. Motion 17-18 (citing *Pfizer Inc. v. Superior Court*, 141 Cal.App.4th 290, 296, 304 (Cal.Ct.App. 2006)). Rich responds that *Pfizer* is no longer citable precedent because review has been granted by the California Supreme Court. Rich also argues that he has alleged sufficient facts to withstand a motion to dismiss.

HP also contends that Rich fails to state a claim under the "unlawful" prong of the UCL because he alleges no violation of any law. HP argues that the breach of contract and breach of warranty claims cannot constitute the necessary predicate conduct for a claim under the UCL.

---

[12] Rich makes various allegations about the profit HP gains from the use of colored inks in printing black text and images, but does not connect this profit with any particularity or specificity to the facts of his UCL claim.

[13] "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. Prof. Code § 17200.

1  Moreover, HP argues that Rich may not use the UCL to revive other causes of action that cannot
2  be sustained independently.  Rich responds that his breach of express warranty and unjust
3  enrichment claims may serve as the necessary predicate violations for unlawful UCL liability.

4  Finally, HP contends that Rich's claim fails under any reasonable definition of the term
5  "unfair."  HP argues that Rich fails to allege conduct that meets the definition of "unfair" adopted
6  by the California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel.*
7  *Co.*, 20 Cal.4th 163, 187 (1999) ("When a plaintiff who claims to have suffered injury from a
8  direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section
9  means conduct that threatens an incipient violation of an antitrust law, or violates the policy or
10 spirit of one of those laws because its effects are comparable to or the same as a violation of the
11 law, or otherwise significantly threatens or harms competition.").  HP claims that *Cel-Tech*
12 applies equally to consumer actions and that Rich has not cited any specific constitutional,
13 statutory, or regulatory provision that forms a basis for concluding that HP's actions offend
14 public policy.  Alternatively, HP argues that even if *Cel-Tech*'s definition of "unfair" does not
15 apply to the instant case, the claim still fails under the earlier definition of "unfair" because Rich
16 alleges only speculative harm and the alleged practices are not within the reach of the statute.
17 Rich responds that courts generally do not resolve claims under the "unfairness" prong on a
18 motion to dismiss because such claims are intensely factual.  Rich also argues that he need allege
19 only that any utility of HP's deceitful conduct is outweighed by the gravity of the harm to him.
20 Rich contends that he has pled sufficient facts to state the UCL cause of action under the "unfair"
21 prong because HP has failed to disclose to consumers that HP printers use color ink during the
22 printing of black text and images, and because HP provides no mechanism by which consumers
23 can choose to use only black ink on such occasions.

24 The Court need not decide whether Rich alleges sufficient facts to state a violation of any
25 of the substantive prongs of the UCL because it will grant the motion to dismiss on other
26 grounds.  The Court will grant leave to amend because it is not clear that amendment would be
27 futile.

28 **IV. ORDER**

13

1      Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is
2  GRANTED with leave to amend.

7  DATED: December 4, 2006.

                                                    JEREMY FOGEL  
                                                    United States District Judge

Case No. C 06-3361 JF (HRL)  
ORDER  GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND  
(JFLC1)

1 | This Order has been served upon the following persons:

| | |
|---|---|
| Christopher Chorba | cchorba@gibsondunn.com, evarela@gibsondunn.com; mblanco@gibsondunn.com; mjenkins@gibsondunn.com |
| Brian S. Kabateck | bsk@kbklawyers.com |
| Richard L. Kellner | rlk@kbklawyers.com, rs@kbklawyers.com |
| John Patrick McNicholas , IV | pmc@mcnicholaslaw.com, cmi@mcnicholaslaw.com |
| Bruce Lee Simon | bsimon@cpsmlaw.com, jlein@cpsmlaw.com |
| Alfredo Torrijos | at@kbklawyers.com, rp@kbklawyers.com |

Notice will be delivered by other means to:

Stephen M. Garcia
The Garcia Law Firm
One World Trade Center, Suite 1950
Long Beach, CA 90831

Sarina M. Hinson
The Garcia Law Firm
1 World Trade Center
Suite 1950
Long Beach, CA 90831
shinson@lawgarcia.com, jmobley@lawgarcia.com

15

Case No. C 06-3361 JF (HRL)
ORDER  GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)