1  PETER SULLIVAN, SBN 101428
   PSullivan@gibsondunn.com
2  SAMUEL G. LIVERSIDGE, SBN 180578
   SLiversidge@gibsondunn.com
3  CHRISTOPHER CHORBA, SBN 216692
   CChorba@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-7520
7

8  Attorneys for Defendant
   HEWLETT-PACKARD COMPANY
9

10           UNITED STATES DISTRICT COURT

11       FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN JOSE DIVISION

13

14  CARL K. RICH and DAVID DURAN,            CASE NO. C-06-03361-JF (HRL)
    individually and on behalf of all others similarly
15  situated,                               **DEFENDANT HEWLETT-PACKARD
                                            COMPANY'S ANSWER TO PLAINTIFFS'
16                Plaintiff,                SECOND AMENDED COMPLAINT**

17        v.

18  HEWLETT-PACKARD COMPANY, a
    California Corporation; and DOES 1 through
19  250, inclusive,

20                Defendants.

21

22

23

24

25

26

27

28

**DEFENDANT HEWLETT-PACKARD COMPANY'S                   Case No. C-06-03361-JF
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Hewlett-Packard Company ("HP") answers the Second Amended Complaint of Plaintiffs Carl K. Rich and David Duran ("Plaintiffs") as follows:

1.      HP admits that Plaintiffs purport to bring this action as a class action. Except as so admitted, HP denies the allegations in paragraph 1.

2.      HP admits the allegations of paragraph 2.

3.      HP admits that its financial reports are publicly reported and that those reports speak for themselves. Except as so admitted, HP denies the allegations in paragraph 3.

4.      HP lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.      HP lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6.      HP admits that it is a publicly traded company which maintains executive offices located at 3000 Hanover Street, Palo Alto, California. By way of further response, HP avers that it was incorporated in 1947 under the laws of the State of California, and that it changed its state of incorporation to Delaware in 1998. Except as so admitted or averred, HP denies the allegations in paragraph 6.

7.      HP denies that Plaintiffs or anyone else has suffered any damages in any amount or at all. Except as so denied, HP lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.

9.      HP admits that it transacts business in this District. The remaining allegations set forth in paragraph 9 constitute conclusions of law to which no responsive pleading is required and which are therefore denied. To the extent the remaining allegations of paragraph 9 are deemed in whole or in part to be factual, HP denies them.

10.      HP admits that, broadly speaking, an inkjet printer operates, in part, by placing droplets of ink on media to create an image. HP further admits that is products are economical for

Gibson, Dunn & Crutcher LLP

**DEFENDANT HEWLETT-PACKARD COMPANY'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**Case No. C-06-03361-JF**

consumers and that over the years HP has endeavored to decrease its printer prices for the benefit of consumers.  Except as so admitted, HP denies the allegations of paragraph 10.

11.    HP admits that its inkjet cartridges contain ink, and that ink is used in the printing process employed by HP's inkjet printing systems.  Except as so admitted, HP denies the allegations of paragraph 11.

12.    HP admits that it manufacturers inkjet printing systems and cartridges, and that it sells inkjet printing systems and compatible inkjet cartridges on its website and through resellers throughout the United States.  Except as so admitted, HP denies the allegations of paragraph 12.

13.    HP admits that some of the inkjet printing systems it sells utilize sophisticated thermal inkjet technology.  Except as so admitted, HP denies the allegations of paragraph 13.

14.    HP admits that its color inkjet printing systems utilize color and black ink cartridges. Except as so admitted, HP denies the allegations of paragraph 14.

15.    HP admits that at times the price for its HP 94 Black Inkjet Print Cartridge has been $19.99 (11 ml) and $35.99 (two 11 ml cartridges), and that the price for its HP 95 Tri-color Inkjet Print Cartridge has been $24.99 (7 ml).  HP further avers that at times it has offered a HP 94/95 Inkjet Printer Cartridge Combo Pack for $39.99.  Except as so admitted or averred, HP denies the allegations in paragraph 15.

16.    HP denies the allegations of paragraph 16.

17.    To the extent the allegations in paragraph 17 constitute conclusions of law, no responsive pleading is required and they are therefore denied.  To the extent the allegations in paragraph 17 are deemed in whole or in part to be factual, HP denies them.

18.    To the extent the allegations in paragraph 18 constitute conclusions of law, no responsive pleading is required and they are therefore denied.  To the extent the allegations in paragraph 18 are deemed in whole or in part to be factual, HP denies them.

19.    The allegations in paragraph 19 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 19 are deemed in whole or in part to be factual, HP denies them.

20.    HP denies the allegations of paragraph 20.

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                                         **Case No. C-06-03361-JF**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

21.     HP avers that its website speaks for itself.  Except as so averred, HP denies the allegations of paragraph 21.

22.     HP avers that its website speaks for itself.  Except as so averred, HP denies the allegations of paragraph 22.

23.     HP avers that its website speaks for itself.  Except as so averred, HP denies the allegations of paragraph 23.

24.     The allegations set forth in paragraph 24 are conclusions of law to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 24 are deemed in whole or in part to be factual, HP denies them.

25.     HP avers that its website and product packaging speak for themselves.  Except as so averred, HP denies the allegations of paragraph 25.

26.     HP avers that its website speaks for itself.  Except as so averred, HP denies the allegations of paragraph 26.

27.     The allegations set forth in paragraph 27 are conclusions of law to which no responsive pleading is required and which are therefore denied.  To the extent the allegations of paragraph 27 are deemed in whole or in part to be factual, HP denies them.

28.     The allegations set forth in paragraph 28 are conclusions of law to which no responsive pleading is required and which are therefore denied.  To the extent the allegations of paragraph 28 are deemed in whole or in part to be factual, HP denies them.

29.     The allegations set forth in paragraph 29 are conclusions of law to which no responsive pleading is required and which are therefore denied.  To the extent the allegations of paragraph 29 are deemed in whole or in part to be factual, HP denies them.

30.     HP lacks information or knowledge sufficient to admit or deny the allegations in paragraph 30.

31.     HP lacks information or knowledge sufficient to admit or deny the allegations in paragraph 31 that pertain to Mr. Rich's alleged purchases.  The remaining allegations set forth in paragraph 31 are conclusions of law, to which no responsive pleading is required and which are

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                                    Case No. C-06-03361-JF
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1   therefore denied.  To the extent the remaining allegations in paragraph 31 are deemed in whole or in

2   part to be factual, HP denies them.

3          32.    HP lacks information or knowledge sufficient to admit or deny the allegations in

4   paragraph 32 that pertain to Mr. Rich's alleged purchases.  The remaining allegations set forth in

5   paragraph 32 are conclusions of law, to which no responsive pleading is required and which are

6   therefore denied.  To the extent the remaining allegations in paragraph 32 are deemed in whole or in

7   part to be factual, HP denies them.

8          33.    HP lacks information or knowledge sufficient to admit or deny the allegations in

9   paragraph 33.

10         34.    HP lacks information or knowledge sufficient to admit or deny the allegations in

11   paragraph 34 that pertain to Mr. Duran's alleged purchases.  The remaining allegations set forth in

12   paragraph 34 are conclusions of law, to which no responsive pleading is required and which are

13   therefore denied.  To the extent the remaining allegations in paragraph 34 are deemed in whole or in

14   part to be factual, HP denies them.

15         35.    HP lacks information or knowledge sufficient to admit or deny the allegations in

16   paragraph 35.

### PURPORTED CLASS ALLEGATIONS

18         36.    HP admits that Plaintiffs purport to define a class of persons on whose behalf they

19   purport bring this action.  Except as so admitted, HP denies the allegations in paragraph 36.

20         37.    HP admits that Plaintiffs purport to define a class of persons on whose behalf they

21   purport bring this action.  Except as so admitted, HP denies the allegations in paragraph 37.

22         38.    The allegations in paragraph 38 constitute conclusions of law, to which no responsive

23   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 38 are

24   deemed in whole or in part to be factual, HP denies them.

25         39.    The allegations in paragraph 39 constitute conclusions of law, to which no responsive

26   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 39 are

27   deemed in whole or in part to be factual, HP denies them.

28

Gibson, Dunn &
Crutcher LLP

4

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                                    **Case No. C-06-03361-JF**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

40.     The allegations in paragraph 40 and each and every subpart thereto constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 40 and each and every subpart thereto are deemed in whole or in part to be factual, HP denies them.

41.     The allegations in paragraph 41 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 41 are deemed in whole or in part to be factual, HP denies them.

42.     The allegations in paragraph 42 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 42 are deemed in whole or in part to be factual, HP denies them.

43.     The allegations in paragraph 43 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 43 are deemed in whole or in part to be factual, HP denies them.

44.     The allegations in paragraph 44 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 44 are deemed in whole or in part to be factual, HP denies them.

## FIRST ALLEGED CAUSE OF ACTION

### Unjust Enrichment

45.     Responding to paragraph 45, HP incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

46.     HP denies the allegations of paragraph 46.

47.     HP denies the allegations of paragraph 47.  By way of further response, HP denies Plaintiffs' allegation that HP has been unjustly enriched in any amount, or at all.

48.     The allegations in paragraph 48 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.

Gibson, Dunn & Crutcher LLP

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                                    Case No. C-06-03361-JF
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

## SECOND ALLEGED CAUSE OF ACTION

### Fraudulent Concealment

49.     Responding to paragraph 49, HP incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

50.     HP denies the allegations of paragraph 50.

51.     HP denies the allegations of paragraph 51.

52.     HP denies the allegations of paragraph 52.

53.     HP denies the allegations of paragraph 53.

54.     HP denies the allegations of paragraph 54.

55.     HP denies the allegations of paragraph 55.

56.     HP denies the allegations of paragraph 56.

57.     HP denies the allegations of paragraph 57.

58.     HP lacks information or knowledge sufficient to admit or deny the allegations of paragraph 58.  By way of further response, HP denies Plaintiffs' averment that HP concealed any facts from Plaintiffs and/or the purported class.

59.     HP denies the allegations of paragraph 59.  HP specifically denies that Plaintiffs or anyone else has suffered any damages in any amount or at all.

## THIRD ALLEGED CAUSE OF ACTION

### Violations of California Business & Professions Code § 17200 *et seq*.

60.     Responding to paragraph 60, HP incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

61.     The allegations in paragraph 61 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 61 are deemed in whole or in part to be factual, HP denies them.  By way of further response, HP specifically denies that Plaintiffs or anyone else has suffered any injury or lost money or property in any amount or at all.

62.     The allegations in paragraph 62 constitute conclusions of law, to which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 62 are

Gibson, Dunn &
Crutcher LLP

**DEFENDANT HEWLETT-PACKARD COMPANY'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**                    **Case No. C-06-03361-JF**

1   deemed in whole or in part to be factual, HP denies them.  By way of further response, HP denies that

2   HP "is marketing and selling their products in a manner that is likely to deceive the public."  It

3   further denies that Plaintiffs or anyone has suffered any injury or lost money or property in any

4   amount or at all.

5      63.  HP denies the allegations of paragraph 63.

6      64.  HP denies the allegations of paragraph 64.  By way of further response, HP

7   specifically denies that Plaintiffs or anyone else has suffered any injury or lost money or property in

8   any amount or at all.

9      65.  The allegations in paragraph 65 constitute conclusions of law, to which no responsive

10  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 65 are

11  deemed in whole or in part to be factual, HP denies them.  By way of further response, HP denies

12  Plaintiffs' averment that HP engaged in "false marketing and advertising."

13     66.  HP denies the allegations of paragraph 66.

14     67.  HP denies the allegations of paragraph 67.  By way of further response, HP

15  specifically denies that Plaintiffs or anyone else has suffered any injury or lost money or property in

16  any amount or at all.

17     68.  The allegations in paragraph 68 constitute conclusions of law, to which no responsive

18  pleading is required and which are therefore denied.

19  ## ADDITIONAL AND AFFIRMATIVE DEFENSES

20     Without assuming the burden to prove that which properly falls on Plaintiffs, HP pleads the

21  following separate and additional defenses.

22  ## FIRST SEPARATE AND ADDITIONAL DEFENSE

23     Plaintiffs' Second Amended Complaint, and each purported cause of action contained therein,

24  fails to state a claim upon which relief can be granted.

25  ## SECOND SEPARATE AND ADDITIONAL DEFENSE

26     Plaintiffs and the putative class members have not sustained any injury or damage as a result

27  of any actions allegedly taken by HP, and are thus barred from asserting any claim against HP.

28

Gibson, Dunn &
Crutcher LLP

7

**DEFENDANT HEWLETT-PACKARD COMPANY'S**       Case No. C-06-03361-JF
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

### THIRD SEPARATE AND ADDITIONAL DEFENSE

2          Plaintiffs' Second Amended Complaint fails to plead each purported cause of action with

3    sufficient particularity.

4

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

5          Each of the claims of the Second Amended Complaint, in whole or in part, is barred by the

6    applicable statutes of limitation.

7

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

8          Plaintiffs' Second Amended Complaint and each purported cause of action contained therein

9    are barred, in whole or in part, by the doctrine of laches.

10

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

11          Plaintiffs' Second Amended Complaint and each purported cause of action contained therein

12    are barred, in whole or in part, by the doctrine of estoppel.

13

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

14          Plaintiffs' Second Amended Complaint and each purported cause of action contained therein

15    are barred, in whole or in part, by the doctrine of waiver.

16

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

17          Plaintiffs' Second Amended Complaint and each purported cause of action contained therein

18    are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by independent,

19    intervening and/or superseding events beyond the control of HP and unrelated to HP's conduct.  Any

20    loss, injury, or damage claimed by Plaintiffs was proximately caused by the Plaintiffs' or proposed

21    class members' own acts or omissions, market forces and events unrelated to the defendants' alleged

22    conduct, and/or the acts or omissions of persons or entities other than HP, over which HP has no

23    control.

24

### NINTH SEPARATE AND ADDITIONAL DEFENSE

25          HP's actions were legally and equitably protected by applicable privileges and business

26    justifications.

27

28

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                          **Case No. C-06-03361-JF**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1 **TENTH SEPARATE AND ADDITIONAL DEFENSE**

2    The right to relief on behalf of Plaintiffs and putative class members is barred by the doctrine

3 of unjust enrichment.  Plaintiffs and the putative class members would be unjustly enriched if

4 allowed to recover the relief claimed to be due.

5 **ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

6    Plaintiffs and/or the putative class members were careless and/or negligent about the matters

7 complained of in the Second Amended Complaint.  Said carelessness and/or negligence proximately

8 contributed to any loss or damage complained of in the Second Amended Complaint.  Thus, if

9 Plaintiffs and/or the putative class members should recover damages, HP is entitled to have the

10 amount thereof abated, reduced, or eliminated to the extent that Plaintiffs' and/or the putative class

11 members' carelessness and/or negligence caused or contributed to their loss.

12 **TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

13    HP alleges, without admitting any liability whatsoever, that at all times HP's actions were

14 undertaken in good faith to advance legitimate business interests and had the effect of promoting,

15 encouraging, and increasing competition.

16 **THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

17    HP is absolved from any and all liability for the wrongs alleged in the Second Amended

18 Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the

19 time of the conduct alleged in the Second Amended Complaint.

20 **FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

21    Plaintiffs and the putative class have enjoyed the full benefit of their purchase of the products

22 that are the subject of the Second Amended Complaint and are thereby barred from making the

23 claims for relief set forth in the Second Amended Complaint.

24 **FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

25    Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

26 HP is not in privity with plaintiffs or the putative class members.

27

28

Gibson, Dunn &
Crutcher LLP

9

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because plaintiffs and the putative class members proceeded with full knowledge and/or awareness into the transactions and occurrences that form the bases of their claims as alleged in the Second Amended Complaint.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing under Article III of the United States Constitution.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiffs' claims and the claims of the putative class members alleging violation of California Business & Professions Code Section 17200 *et seq.* are barred, in whole or in part, because Plaintiffs and the putative class members have no standing to sue under this law.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiffs may not represent the "general public" because they lack the statutory authority to do so under Cal. Bus. & Prof. Code § 17200 *et seq.*

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

Any finding of liability under California Business & Professions Code Section 17200 *et seq.* would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiffs' claims and the claims of the putative class for restitution under California Business & Professions Code Section 17200 *et seq.* are barred to the extent that Plaintiffs and the members of the purported class did not pay money directly to HP, as required by *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), and related authority.

Gibson, Dunn &
Crutcher LLP

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                    **Case No. C-06-03361-JF**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

2       Any award of restitution under California Business & Professions Code Section 17200 *et seq.*

3   based upon asserted interests or injuries of persons not named as plaintiffs in this case, or absent

4   persons on whose behalf this action is allegedly prosecuted, would violate the Due Process Clause of

5   the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clauses of the

6   Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the

7   United States Constitution and of Article I, Section 17 of the California Constitution.

8

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

9       Any award of restitution under California Business & Professions Code Section 17200 *et seq.*

10  would constitute a taking of property without just compensation in violation of the Takings Clauses

11  of the Fifth Amendment of the United States Constitution (as incorporated by the Due process Clause

12  of the Fourteenth Amendment to the United States Constitution), and of Article I, Section 19 of the

13  California Constitution.

14

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

15      Plaintiffs' claims and the claims of the putative class arising under California law are barred

16  in whole or in part, because the application of these claims to wholly interstate or foreign commerce

17  violates the Commerce Clause of the United States Constitution and is otherwise beyond the scope of

18  jurisdiction of those laws.

19

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

20      Application of California law to the claims of non-residents under the circumstances of this

21  case would violate the Due Process Clause and the Full Faith and Credit Clause of the United States

22  Constitution and would otherwise be unconstitutional.

23

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

24      As a matter of constitutional right and substantive due process, HP would be entitled to

25  contest by jury trial its liability for damages to any particular individual plaintiff, even if the

26  representatives of the purported plaintiff class prevail on their claims.  Trying this case as a class

27  action would violate the United States and California Constitutions.

28

Gibson, Dunn &
Crutcher LLP

11

1

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

2
 Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the
3
putative plaintiff class representatives are not sufficiently typical of those of the purported class,
4
common issues of fact and law do not predominate over individual issues and damages cannot be
5
proven on a class-wide basis, the purported plaintiff class representatives will not adequately
6
represent the purported plaintiff class, and a class action is not a superior method for adjudicating the
7
purported claims set forth in Plaintiffs' Second Amended Complaint.

8

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

9
 Plaintiffs may not maintain this lawsuit as a class action because the interests of the purported
10
class members are in conflict with each other.

11

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

12
 Plaintiffs' and the putative class members' request for attorneys' fees in this matter is barred
13
because it lacks any basis in law or contract.

14

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

15
 Plaintiffs have failed to mitigate their damages, if any, and any recovery should be reduced or
16
denied accordingly.

17

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

18
 The Court lacks jurisdiction over some or all of the claims asserted by Plaintiffs and/or the
19
purported class.

20

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

21
 Any attempt to require HP to identify, locate or notify absent persons on whose behalf this
22
action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to
23
the United States Constitution.

24

### THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

25
 Plaintiffs' and the putative class members' claims for equitable relief are barred to the extent
26
there is an adequate remedy at law.

27

28

12

1

### THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

2       HP has insufficient knowledge or information upon which to form a basis as to whether it

3   may have additional, as yet unstated, separate defenses available.  HP has not knowingly and

4   intentionally waived any applicable affirmative defenses and reserves the right to raise additional

5   affirmative defenses as they become known to it through discovery in this matter.  HP further

6   reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete

7   affirmative defenses that it determines are not applicable during the course of subsequent discovery.

8                                         ### PRAYER

9       WHEREFORE, HP prays for the following relief:

10  a.      That Plaintiffs and members of the putative class take nothing by their Second

11          Amended Complaint;

12  b.      That judgment on the Second Amended Complaint, and on each cause of action

13          against HP, be entered in favor of HP;

14  c.      That HP be awarded its costs incurred herein, including reasonable attorneys' fees;

15          and

16  d.      For such other and/or further relief as this Court may deem just and proper.

17

18  DATED: February 28, 2007            GIBSON, DUNN & CRUTCHER LLP
                                        PETER SULLIVAN
19                                      SAMUEL G. LIVERSIDGE
                                        CHRISTOPHER CHORBA
20

21                                      By:  _____ /s/ Christopher Chorba* _____

22                                      Attorneys for Defendant HEWLETT-PACKARD
                                        COMPANY
23
                                        *I hereby attest that I have on file all holograph
24                                      signatures for any signatures indicated by a
                                        "conformed" signature (/s/) within this efiled document.
25  100175600_1.DOC

26

27

28

**DEFENDANT HEWLETT-PACKARD COMPANY'S**                    **Case No. C-06-03361-JF**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I, Christopher Chorba, hereby certify that on February 28, 2007, I caused the foregoing **DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** to be electronically filed and served upon the persons named below via the Court's Electronic Case Filing ("ECF") system.  This document is available for reviewing and downloading from the ECF system.

**Attorneys for Plaintiffs**

| | |
|---|---|
| KABATECK BROWN KELLNER LLP | COTCHETT, PITRE & MCCARTHY |
| BRIAN S. KABATECK | NIALL P. MCCARTHY |
| RICHARD L. KELLNER | LAURA E. SCHLICTHMANN |
| ALFREDO TORRIJOS | 840 Malcolm Road, Suite 200 |
| 350 South Grand Avenue, 39th Floor | Burlingame, CA  94010 |
| Los Angeles, CA  90071 | TEL:  (650) 697-6000 |
| TEL:  (213) 217-5000 | FAX:  (650) 692-3606 |
| FAX:  (213) 217-5010 | |
| | |
| MCNICHOLAS & MCNICHOLAS | THE GARCIA LAW FIRM |
| PATRICK MCNICHOLAS | STEPHEN M. GARCIA |
| 10866 Wilshire Boulevard, #1400 | 1 World Trade Center #1950 |
| Los Angeles, CA  90024 | Long Beach, CA  90831-1950 |
| TEL:  (310) 474-1582 | TEL:  (562) 216-5270 |
| FAX:  (310) 475-7871 | FAX:  (562) 216-5271 |

DATED: February 28, 2007

GIBSON, DUNN & CRUTCHER LLP
PETER SULLIVAN
SAMUEL G. LIVERSIDGE
CHRISTOPHER CHORBA


By: _____ /s/ Christopher Chorba* _____

Attorneys for Defendant HEWLETT-PACKARD COMPANY

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

100175600_1.DOC

1

CERTIFICATE OF SERVICE                                          Case No. C-06-03361-JF

Gibson, Dunn & Crutcher LLP