# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CARL K. RICH and DAVID DURAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, et al., <br><br> Defendant. | Case No. C06-03361-JF <br><br> ORDER[1] GRANTING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL <br><br> [Re: Docket No. 68] |

    Plaintiffs move to file certain documents in support of their motion for class certification under seal. The motion is brought pursuant to Civil Local Rules 7-11 and 79-5(d) and the Joint Stipulation and Protective Order as Amended ("Protective Order") filed by the parties on August 27, 2008. Plaintiffs seek to file the following documents under seal:

(1) the declaration of Justin T. Berger in support of Plaintiffs' motion for class certification, in its entirety ("the Berger Declaration"); and

(2) portions of Plaintiffs' memorandum in support of their motion for class certification.

---

[1] This disposition is not designated for publication in the official reports.

Certain exhibits attached to the Berger Declaration were produced by Defendant and designated as either "Restricted Information" or "Restricted Outside Counsel Only Information", making them subject to the terms of the Protective Order. Portions of the plaintiff's memorandum quote, refer to or analyze these exhibits. In its response to the instant motion, Defendant Hewlett-Packard ("HP") requests that newly redacted versions of Exhibits 2 and 3 and the memorandum be filed to reflect its withdrawal of certain designations and to include additional redactions.

**LEGAL STANDARD**

"A party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access to records by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2008).

"[T]he presumption of access is not rebutted where. . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The. . . 'compelling reasons' standard continues to apply." *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003) (internal citations omitted). However, to preserve the secrecy of sealed discovery material attached to non-dispositive motions, a "good cause" showing under Rule 26(c) will suffice. *Kamakana*, 447 F.3d at 1180.

**DISCUSSION**

To determine the standard of review, the Court first must determine whether the class certification motion to which the documents are attached is dispositive. The Eleventh Circuit has observed that a motion for class certification might be dispositive if "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000). The instant case presents such a situation. However, the rationale for distinguishing between dispositive and non-dispositive motions in the present context is that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1180. The contested issues

in Plaintiffs' motion for class certification involve the procedural requirements of F. R. Civ. Pro. 23 and relate only tangentially to the underlying merits of Plaintiffs' claim. The motion thus is not "dispositive" in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal.

"When a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1179. Exhibits 1, 2 and 3 to the Berger Declaration are subject to the Protective Order, and the Declaration contains no other material content. Accordingly, the Berger Declaration and the portions of the motion for class certification that discuss it should be filed under seal. Because Plaintiff proposes to file the entire Berger Declaration under seal, HP's requested relief is unnecessary.

**ORDER**

Good cause therefor appearing, Plaintiffs' motion to file documents under seal is GRANTED.

IT IS SO ORDERED.

DATED: July 20, 2009

JEREMY FOGEL
United States District Judge

Copies of Order served on:

Alfredo Torrijos     at@kbklawyers.com, icd@kbklawyers.com

Brian Stephen Kabateck     bsk@kbklawyers.com

Bruce Lee Simon     bsimon@pswplaw.com, avargas@pswplaw.com, bpouya@pswplaw.com, cpearson@pswplaw.com, dwarshaw@pswplaw.com, eklisura@pswplaw.com, jwatkins@pswplaw.com, nhalpern@pswplaw.com, pautio@pswplaw.com

Christina Jean Smith     cjs@mcnicholaslaw.com

Christopher Chorba     cchorba@gibsondunn.com, Dmanthripragada@gibsondunn.com, psullivan@gibsondunn.com, sliversidge@gibsondunn.com

Esther L Klisura     eklisura@pswplaw.com

John Patrick McNicholas , IV     pmc@mcnicholaslaw.com, cmi@mcnicholaslaw.com

Justin Theodore Berger     jberger@cpmlegal.com, abanis@cpmlegal.com, imartinez@cpmlegal.com

Laura Elizabeth Schlichtmann     lschlichtmann@cpmlegal.com, jacosta@cpmlegal.com

Niall Padraic McCarthy     nmccarthy@cpmlegal.com, abanis@cpmlegal.com, amurphy@cpmlegal.com, dkelley@cpmlegal.com, jberger@cpmlegal.com, lschlichtmann@cpmlegal.com, spinkham@cpmlegal.com

Richard Kellner     rlk@kbklawyers.com, icd@kbklawyers.com

Stephen Michael Garcia     jmobley@lawgarcia.com, nortiz@lawgarcia.com