**E-Filed 12/14/09**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL K. RICH, et al., | CASE NO. C 06 03361-JF (HRL) |
| Plaintiffs, | [~~PROPOSED~~] **ORDER GRANTING HEWLETT-PACKARD COMPANY'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| HEWLETT-PACKARD COMPANY, | |
| Defendant. | |

The Administrative Motion to File Documents Under Seal pursuant to Civil Local Rules 7-11 and 79-5(c) (the "Motion") of Defendant Hewlett-Packard Company ("HP") and the related Declaration of Jason Quintana in Support of the Administrative Motion (the "Declaration") came before this Court for determination in connection with HP's Motion for Summary Judgment and its Opposition to Plaintiffs' Motion for Class Certification. After consideration of the Motion and the Declaration, the Joint Stipulation and Protective Order as Amended agreed to by the parties and dated August 27, 2008 (the "Protective Order"), the Court's files and records in this matter, and good cause and compelling reasons appearing therefore,

IT IS HEREBY ORDERED that the Motion is GRANTED, as follows:

1. On July 20, 2009, this Court granted an administrative motion to file under seal certain

1  documents in connection with plaintiffs' Motion for Class Certification.  (*See* Docket No. 73.)

2  Specifically, this Court ordered filed under seal excerpts from the transcript of the depositions of

3  Mark Decker and Jason Quintana (as HP's 30(b)(6) corporate designee), a chart produced by HP

4  entitled "Summary of Circumstances in Which Underprinting May Be Used in HP Color InkJet

5  Printers that Shipped During Class Period," and portions of the Motion for Class Certification that

6  discuss these documents.  (July 20, 2009 Order at 3.)  This Court found "good cause" to file these

7  documents under seal because they contained confidential and proprietary information that was

8  subject to the Protective Order in this case.  (*Id.* at 2-3 (citing *Kamakana v. City and County of*

9  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2008)).)  Accordingly, the Court finds good cause to file

10  under seal portions of the following same or similar documents that also contain confidential and

11  proprietary information subject to the Protective Order in this case:

12      2.    *Summary Judgment/Class Certification Declaration*.  The Summary Judgment/Class

13  Certification Declaration is to remain redacted because the portions of that declaration noted in HP's

14  Motion contain, quote from, reference, or analyze material from excerpts of the deposition transcript

15  of Jason Quintana as HP's Rule 30(b)(6) corporate designee and a chart produced by HP, both of

16  which were previously ordered filed under seal by this Court and designated by HP as either

17  "Restricted Information" or "Restricted Outside Counsel Only Information" pursuant to the

18  Protective Order.  Additionally, these documents contain similar, technical information regarding the

19  functionality and design processes of HP's inkjet printers, information regarding internal

20  communications concerning HP's marketing and disclosure strategies, and detailed descriptions of

21  HP's internal structure and operations.  All of this information is subject to the existing Protective

22  Order.  This information is sensitive and proprietary, and its disclosure will harm HP's competitive

23  interests.

24      3.    *Deposition Transcript of Mark Decker*.  The excerpts from the transcript of the

25  deposition of Mark Decker, attached to the Manthripragada Declaration as Exhibit D, are to remain

26  filed under seal because the entire deposition transcript was previously designated as "Restricted

27  Information" pursuant to the Protective Order.  This Court previously ordered filed under seal similar

28  excerpts from the same deposition transcript in connection with plaintiffs' Motion for Class

Certification. In addition, these excerpts contain sensitive and proprietary technical information regarding the functionality and design processes of HP's inkjet printers and information regarding internal communications concerning HP's marketing and disclosure strategies, and the disclosure of this information will harm HP's competitive interests.

4. *Rebuttal Expert Report of David R. Spencer*. HP filed a redacted copy of the rebuttal expert report of David R. Spencer with the Court. Those redactions corresponded with confidential and proprietary information contained in the Summary Judgment/Class Certification Declaration. The disclosure of this information could harm HP's competitive position in the market because it would provide insight into how HP's products are designed and how its printers operate from a technical standpoint. Thus, any parts of this expert report that rely upon or take information from the Summary Judgment/Class Certification Declaration are to remain redacted.

5. *Opposition to Motion for Class Certification*. HP filed a redacted copy of its Opposition to Plaintiffs' Motion for Class Certification with the Court. Those redactions were limited to references to and discussions of the foregoing information, and documents previously ordered under seal by this Court and designated by HP as either "Restricted Information" or "Restricted Outside Counsel Only Information" pursuant to the Protective Order. In addition, the redacted portions discuss, reference, and/or analyze confidential and proprietary information from the documents discussed above, the disclosure of which will harm HP's competitive interests. Thus, these portions of the Opposition to Plaintiffs' Motion for Class Certification should remain redacted.

6. *HP's Motion for Summary Judgment*. HP also filed a redacted copy of its Motion for Summary Judgment with the Court. Those limited redactions correspond with information contained in the other confidential and proprietary documents discussed above. Although a party is required to show "compelling reasons" for filing materials under seal in connection with dispositive motions, *see, e.g.*, *Kamakana*, 447 F.3d at 1178 (requiring "compelling reasons" for filing materials under seal in connection with dispositive motions), the portions that HP seeks to redact are included merely as background information to describe the technology at issue in this case. Resolution of HP's Motion for Summary Judgment does not depend in any way on this information. Therefore, a showing of good cause is sufficient to justify filing portions of the Motion for Summary Judgment under seal,

and good cause exists here because these portions reference or analyze material previously designated by HP as either "Restricted Information" or "Restricted Outside Counsel Only Information" pursuant to the Protective Order.

7. Even if HP were required to show compelling reasons to justify filing portions of the Motion for Summary Judgment under seal, however, compelling reasons exist here because these limited portions of the Motion for Summary Judgment correspond with portions of the documents discussed above that contain sensitive and proprietary technical information regarding the functionality and design processes of HP's inkjet printers. This information, if known to HP's competitors, would provide these competitors with insight into the functionality and design methodology of HP's color inkjet printers that could lead to a competitive advantage, or provide them with a roadmap of the factors considered in designing products and devising its marketing and disclosure strategies. Accordingly, these portions of the Motion for Summary Judgment should remain redacted.

**IT IS SO ORDERED**.

DATED: December 12, 2009

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

100769715_5 (2).DOC